UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMARYLIS VILA RODRIGUEZ, as Natural Parent
and Guardian of S.V., a minor

       Petitioner,

v.                                                Case No.

UNITED STATES OF AMERICA,

       Defendant.
_____/

## PETITION FOR DECLARATORY JUDGMENT
## PURSUANT TO RULE 57 OF FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW the Petitioner, AMARYLIS VILA RODRIGUEZ, as Natural Parent and Guardian of S.V., by and through her undersigned counsel, and sues the Defendant, UNITED STATES OF AMERICA, and states as follows:

1. This is an action declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure arising from a negligence claim previously filed under Case No. 8:19-cv-01233-CEH-TGW pursuant to the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. §§ 1346(b) and §2671-2680 *et seq*. See **Exhibit A**.

2. This Federal District Court has jurisdiction as the claims herein are brought against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), §2401, and §2671-2680 *et seq.*, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court for money damages as compensation

1

for personal injuries caused by negligence on the part of Defendant, UNITED STATES OF AMERICA.

3. Venue is proper in this district pursuant to 28 USC §1402(b), as the United States of America is a Defendant and a substantial part of the events giving rise to the claim occurred in this district.

4. That the Petitioner timely filed her complaint against the UNITED STATES OF AMERICA on May 20, 2019 pursuant to the FTCA.

5. That on August 5, 2019 the UNITED STATES OF AMERICA filed a Motion to Dismiss, alleging that this Court lacked subject matter jurisdiction over the Petitioner's claim because the Petitioner had not alleged medical malpractice. Alternatively the UNITED STATES OF AMERICA alleged that the discretionary function exception to the FTCA barred the Petitioner's claims because they relate to protecting and supervising patients. See **Exhibit B**.

6. On August 16, 2019, the Petitioner responded to the Motion to Dismiss stating "[t]he Petitioner stipulates that the claims made in the Complaint are based on legal theories other than medical malpractice, to wit: premises liability and *in loco parentis*" and "[g]iven the stipulation to the nature of the Petitioner's claims, the Petitioner does not oppose the dismissal of this action without prejudice to pursue her claim in state court against Tampa Family Health Center and any other at-fault person or entity". See **Exhibit C**.

7. Thereafter The Honorable Charlene Edwards Honeywell, United States District Judge entered an Order (See **Exhibit D**) on November 5, 2019 stating:

> In light of Petitioner's stipulation and agreement to the dismissal of this action without prejudice so that she may pursue her claims in state court, the Motion is due to be granted.
> Accordingly, it is **ORDERED** as follows:
>
> 1. The United States of America's Motion to Dismiss (Doc. 12) is **GRANTED**.

> 2. Petitioner's Complaint, Doc. 1, is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to pursue her claim in state court against any at-fault person or entity.
>
> 3. The Clerk is directed to terminate all pending motions and close this case.

8. That the Petitioner then filed her claim in the Thirteenth Judicial Circuit in and for Hillsborough County on November 13, 2019. A copy of the state court Complaint is attached hereto as **Exhibit E**.

9. That on January 14, 2020 the state court defendant, Tampa Family Health Center, filed a Motion to Dismiss alleging that the state court lacked subject matter jurisdiction. A copy of the state court Defendant's Motion to Dismiss is attached hereto as **Exhibit F**.

10. Tampa Family Health Center specifically alleged that the Petitioner's claimed implicated "dental related functions" which in turn triggers the exclusive jurisdiction of the District Court under the FTCA.

11. That on April 23, 2020 the state trial court entered an order granting the Motion to Dismiss. A copy of the state trial court's order is attached hereto as **Exhibit G**.

12. In doing so, the state trial court ruled:

> " on the strength of Brignac -- and I want that cited -- that the district court has exclusive jurisdiction, since this, in the view of this 20 Court in reading Section 233, falls under the term "related function. Specifically, you have -- in this case it was a patient, correct? . . . In the TFHC, who is being cared for correct? . . . and who allegedly commits an assault while in that status at that facility. And in the view of this Court, that, what's alleged here, would fall under that related function provision."

See **Exhibit H**, *Excerpt (of Ruling), Hearing Before the Honorable E. Lamar Battles*, Page 3, Lines 16-21.

3

## DECLARATORY JUDGMENT

13. The Petitioner has maintained consistently that her claim is based upon premises liability.

14. Given The Honorable Charlene Edwards Honeywell Order dismissing the Petitioner's FTCA claim (see **Exhibit D**) and the subsequent state trial court order dismissing the Petitioner's claim for lack of subject matter jurisdiction (see **Exhibit G** and **Exhibit H**), there is a controversy as to whether the Petitioner's claim implicates a dental related function as opposed to solely a claim based upon premises liability and *in loco parentis*.

15. The Petitioner seeks a declaration from the Court that the Petitioner's claim does not implicate a dental relate function nor dental malpractice and that the state court has exclusive subject matter jurisdiction over Petitioner's claim.

16. There exists a bona fide, actual, and present dispute between the parties, and Petitioner is uncertain of her legal rights and therefore requests a declaratory judgment.

17. All of the persons who have or who may have an actual, present, adverse, and antagonistic interest in the subject matter are before the court by proper process.

18. The declaration sought by Petitioner is not merely the giving of legal advice, but rather it is a declaration regarding a present controversy as to the herein stated facts.

19. This request for declaratory judgment is appropriate as it will terminate the controversy giving rise to this proceeding as the declaration would determine whether the federal court or the state court have exclusive jurisdiction over the Petitioner's claim.

WHEREFORE, Petitioner, AMARYLIS VILA RODRIGUEZ, as Natural Parent and Guardian of S.V., does hereby pray for judgment entered in her favor which includes a declaration

that the cause of action on behalf of S.V. is neither based upon medical malpractice nor implicates a dental related function and that the state court has subject matter jurisdiction over the same.

Dated this 1st day of June, 2021.

_____
JEFFREY "JACK" GORDON, ESQUIRE
Florida Bar Number: 0836760
ADAM J. FERNANDEZ, ESQUIRE
Florida Bar Number: 0055804
MANEY|GORDON, P.A.
101 East Kennedy Boulevard, Suite 1700
Tampa, Florida  33602
P: (813) 221-1366
j.gordon@maneygordon.com
a.fernandez@maneygordon.com
m.mella@maneygordon.com
*Counsel for Petitioner*
