UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMARYLIS VILA RODRIGUEZ,
as natural parent and guardian of S.V.,
a minor,

    Petitioner,

v.                                                                                   Case No: 8:21-cv-1323-KKM-CPT

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER

On September 16, 2021, Tampa Family Health Centers, Inc. (TFHC) filed an amended motion to intervene under Federal Rule of Civil Procedure 24(a). (Doc. 17). Vila Rodriguez, the plaintiff in this action for a declaratory judgment, does not oppose the motion. (*Id.* at 3.) Because the requirements under Rule 24(a) are met, the Court grants TFHC's motion.

I.    BACKGROUND

On June 28, 2017, Amarylis Vila Rodriguez took her eight-year-old daughter, S.V., to Tampa Family Health Centers for a dentist appointment. (Doc. 1-3 at 4.) When TFHC staff called S.V. for her appointment, Vila Rodriguez was not allowed to accompany her.

(*Id.* at 5.) Staff placed S.V. in an examination room and left her unaccompanied for a time. (*Id.*) Just down the hall, TFHC staff also left C.S., an adult male patient who suffers from mental illness and has a prior conviction for sexual offenses against a child, unsupervised. (*Id.* at 5-6.) With no staff members present, C.S. entered S.V.'s room and "committed a lewd and lascivious act with his penis on the minor child." (*Id.* at 5.)

On May 20, 2019, Vila Rodriguez filed this action against the United States for negligence under the Federal Tort Claims Act in federal court. (Doc. 1-3 at 1–3, 7.) She asserts that TFHC is a "federally supported health center," such that the TFHC staff were acting as "employees of the government." (*Id.* at 3.) Relying on respondeat superior, Vila Rodriguez claimed that the United States is "responsible for the negligent acts [or] omissions" of TFHC. (*Id.* at 3.) Specifically, Vila Rodriquez alleges that TFHC negligently failed to supervise its patients, prevent foreseeable criminal acts, monitor patients with known mental illnesses and prior convictions for sexual offenses involving minors. (*Id.* at 7–8.) On November 5, 2019, the U.S. District Judge dismissed the action based on an agreement between Vila Rodriguez and the United States that she should pursue claims for premises liability and loco parentis in state court. (Doc. 1-6 at 2.)

On November 13, 2019, Vila Rodriguez sued TFHC in state court, alleging similar negligence claims as in her first action in federal court. (Doc. 1-7.) TFHC filed a motion to dismiss on January 14, 2020. (Doc. 1-9.) After a hearing on the motion, the state court

2

dismissed for lack of subject matter jurisdiction, reasoning that Vila Rodriguez's claims fell within the scope of the FTCA's exclusive grant of jurisdiction to federal courts (Doc. 1-9; Doc. 1-10 at 2.)

Believing this holding to be in error, Vila Rodriguez filed this action against the United States on June 1, 2021. (Doc. 1.) She requests a declaratory judgment that her claims do not implicate the FTCA and that the state court has subject matter jurisdiction over her claims. (*Id.* at 4.)

TFHC filed a motion to intervene on June 30, 2021. (Doc. 4.) The Court denied the motion for failure to confer as required by Local Rule 3.01(g). (Doc. 12.) TFHC then refiled its motion. (Doc. 17.) Vila Rodriguez does not oppose the motion and the United States has not filed a response. Accordingly, this Court treats the motion as unopposed. *See* Local Rule 3.01(c).

## II.   LEGAL STANDARD

To intervene under Rule 24(a), a prospective intervenor must show (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction that is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represents the prospective intervenors interests. Fed. R. Civ. P. 24(a); *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002). The Court "must permit

3

anyone" who meets these standards to intervene. Fed. R. Civ. Proc. 24(a)(2); *see Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

### III. ANALYSIS

For TFHC to intervene in this suit, it must satisfy Rule 24(a)'s requirements. It has done so. TFHC has sufficiently alleged that its intervention is timely, that its interests are implicated, that those interests may be harmed absent intervention, and that no existing party adequately represents its interests. Accordingly, the Court grants TFHC's motion to intervene. (Doc. 17.)

### a. TFHC's Intervention is Timely

Rule 24(a) does not define "timely," but the Eleventh Circuit requires courts to consider four factors: 1) how long the would-be intervenor knew of the suit before asking leave; 2) the prejudice to existing parties from any delay; 3) the prejudice to the would-be intervenor from denying the motion; and 4) any "unusual circumstances militating for or against" timeliness. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983). Here, these factors favor finding that the TFHC's intervention was timely.

First, TFHC promptly moved to intervene shortly after it learned its interests were at stake. TFHC did not learn of the action until June 18, 2021. (Doc. 17 at 2.) TFHC filed its first motion to intervene on June 30, 2021. (Doc. 4.) After this Court denied the motion without prejudice on August 20, 2021, (Doc. 12), TFHC refiled on September 16, 2021,

4

(Doc. 17). The amended motion was filed before the United States' motion to dismiss on September 23, 2021. (Doc. 20.) Since TFHC filed its present motion early in the case and before the United States responded to the complaint, the Court finds that TFHC acted with appropriate dispatch; its motion to intervene is timely. *See, e.g., Chiles*, 865 F.2d at 1214 (concluding that a motion to intervene seven months after suit was filed was timely).

Second, TFHC acted quickly to intervene once it learned of the action, so there is little prejudice from delay attributable to TFHC. Further, since neither Vila Rodriguez nor the United States oppose intervention, they presumably anticipate no prejudice from allowing TFHC to intervene.

Third, denying the motion will prejudice TFHC. TFHC alleges that the action "will impact the substantive rights of TFHC, and TFHC has a right to have notice of, and participate in, this action to protect its rights." (Doc. 17 at 1.) This Court agrees. As explained below, TFHC's interests are implicated in this dispute, and may be harmed absent intervention. Since there are no extraordinary factors pointing for or against intervention, this Court finds that all the factors point toward intervention. Accordingly, the motion to intervene is timely.

### b.  TFHC Has Interests in the Dispute

Vila Rodriguez seeks a declaratory judgment from this Court that a state court has jurisdiction over her negligence claims against TFHC. (Doc. 1 at 4–5.) In essence, she is

asking for this Court's leave to return to state court to sue TFHC. It is beyond dispute that TFHC has a strong interest in preventing such a ruling and in protecting the state court judgment. As such, TFHC has an interest in the dispute.

### c. TFHC's Interest May be Impaired Absent Intervention

TFHC argues that, if it is not allowed to intervene, Vila Rodriguez and the Untied States may again reach an agreement on the scope of her claims that harms its interest. (Doc. 17 at 1–2.) TFHC argues that is exactly what happened in the first iteration of this action. (*Id.*) But even without that possibility, TFHC's interest in enforcing the state court judgment would be impaired by an adverse ruling from this Court.

### d. No Existing Party Adequately Represents TFHC's Interest

The burden of showing that existing parties do not adequately represent the would-be intervenor's interests are "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Viewed in that light, neither Vila Rodriguez nor the United States adequately represents TFHC's interest.

Vila Rodriguez is seeking a declaratory judgment that a state court has jurisdiction over her claims so that she may successfully bring another suit against TFHC for its alleged negligence. (Doc. 1 at 4–5.) Clearly, her goals are not aligned with those of TFHC, which frames Vila Rodriguez's request as seeking "to have this Court sit as an appellate tribunal to challenge the ruling of a State Court." (Doc. 17 at 4.) So too, the United States does not

clearly represent TFHC's interest. While the United States advances a similar argument in its motion to dismiss as TFHC, (Doc. 20), its interests are not entirely overlapping. There is at least a possibility that the United States' interest in avoiding fiscal responsibility based on a theory of respondeat superior for any negligence that may have occurred at TFHC will lead to interests that differ from TFHC's interest as the allegedly negligent actor. Since the would-be intervenor's burden at this stage is "minimal," *Trbovich*, 404 U.S. at 538 n.10, this Court finds that TFHC's interests are not adequately represented absent intervention.

## IV.   CONCLUSION

For the reasons stated above, the Court finds that TFHC satisfies Rule 24(a)(2) and is therefore entitled to intervene in this action. Accordingly, the following is **ORDERED:**

1. The Tampa Family Health Centers, Inc.'s motion to intervene (Doc. 17) is **GRANTED.** TFHC is admitted to the case as a defendant.

2. By October 8, 2021, TFHC must file a response to Plaintiff's compliant.

**ORDERED** in Tampa, Florida, on October 5, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge